UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLIFTON MURIE,<br>        Plaintiff,<br><br>v.<br><br>NORTHWESTERN MICHIGAN<br>COLLEGE, *et al.*,<br>        Defendants. | No. 1:22-cv-1054<br><br>Honorable Paul L. Maloney |

## ORDER RESOLVING MOTIONS TO DISMISS

This matter comes before the court on Defendants' motions to dismiss. (ECF Nos. 24 & 25). Plaintiff responded to the motions, (ECF No. 28) and Defendants filed replies. (ECF Nos. 29 & 30). The court will deny Defendants' motions.

### I.

Plaintiff filed his original complaint on November 11, 2022. Defendants moved to dismiss the complaint. (ECF Nos. 8 & 9). The court granted in part and denied in part those motions.[1] (ECF No. 20 at PageID.407). The court dismissed Plaintiff's First Amendment retaliation claim under 12(b)(6). (*Id.*). The court dismissed Plaintiff's state law malicious prosecution claim under 12(b)(6). (*Id.*). The court permitted Plaintiff's federal malicious prosecution to continue only against Defendants White, Kolak, and Neibauer. (*Id.*). All other Defendants were dismissed from the action. (*Id.*).

---

[1] The court has previously detailed the facts of this case. (ECF No. 20 at Page.ID 389-95).

Thereafter, the parties filed a proposed stipulation and proposed order. (ECF No. 21). The court signed the proposed order, which provided that "(a) the Plaintiff shall file a first amended complaint within 7 days of this Order; (b) after the first amended complaint is filed, Defendants shall have 21 days to file their responses in a manner permitted under the Federal Rules of Civil Procedure; and (c) Defendants shall not be required to answer the currently-operative Complaint." (ECF No. 22 at PageID.412). Consistent with that order, Plaintiff filed his amended complaint. (ECF No. 23).

Plaintiff's amended complaint resembles the original; it does not add new parties, claims, or factual allegations. The amended complaint merely clarified that some Defendants were sued both in their individual and official capacities. Despite the strong resemblance between the original and amended complaints, Defendants filed a second round of Rule 12 motions to dismiss. (ECF Nos. 24 & 25).

## II.

There are limitations on the number of motions a party may file under Rule 12: "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). *See also Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 n.3 (6th Cir. 1978) (explaining that Rule 12(g) was drafted to prevent "dilatory motion practice" and delay). Courts should avoid "piecemeal consideration of pretrial motions." *Id.* at 701.

In practice, Rule 12(g) serves as a bar to arguments that could have been brought under an original Rule 12 motion, but were not, and are then brought after a plaintiff filed

2

an amended complaint. *See, e.g., W.G. Tomko, Inc. v. Franklin Cnty. Bd. of Comm'rs*, No. 2:13-CV-0055, 2014 WL 347037, at *5 (S.D. Ohio Jan. 30, 2014) (explaining that the "filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading"); *Easton Rae, LLC v. Violet Grey, Inc.*, No. 21-CV-6234 (JPO), 2023 WL 2691459, at *4 (S.D.N.Y. Mar. 29, 2023) (explaining that "when an amended complaint did not change [in] theory or scope" Rule 12 contemplates a "single pre-answer motion in which the defendant asserts all of the Rule 12 defenses and objections then available to [it]"); *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1017 (E.D. Cal. 2022) (rejecting defendant's multiple motions under Rule 12 because the arguments could have been brought in the earlier motion); *Nichols v. Vilsack*, 183 F. Supp. 3d 39, 41 (D.D.C. 2016) (rejecting defendant's venue challenge when it failed to raise it in its first defensive move). In other words, defendants should not get a second bite at the apple under Rule 12 following an amended complaint, especially when the amended complaint adds no new parties, claims, or factual allegations.

### III.

The court will not permit Defendants a second bite at the apple under Rule 12. Defendants raise arguments in their second round of motions to dismiss that they could have brought in their first round of motions to dismiss.

The Northwestern Michigan College ("NMC") Defendants' original motion to dismiss asserted several barriers to suit, including sovereign immunity, time bars, governmental immunities, and arguments under 12(b)(6). (ECF No. 8-1). The NMC

3

Defendants' second motion to dismiss asserts immunity arguments and arguments under 12(b)6). (ECF No. 25). The court has already addressed some of these arguments or the NMC Defendants failed to bring them in their first motion to dismiss. Defendant White's new motion to dismiss has similar problems.

Rule 12(g) prevents defendants from filing serial motions to dismiss. Without the rule, defendants could continually prevent discovery and delay cases. The rule also protects plaintiffs from unfair litigation expenses and being subject to duplicative motions. There is also an equitable element at play here: Plaintiff's amended complaint did not assert any new claims, add defendants, or change any substance. Here, Plaintiff merely clarified and cleaned up his complaint after a lengthy ruling from the court on Defendants' original motions to dismiss. Plaintiff should not be penalized for doing so.

The court is unmoved by Defendants' arguments to the contrary. They insist that they would have sought a motion to reconsider this court's prior opinion instead of stipulating to an amended complaint had they known they would be barred from filing another motion to dismiss. But even a cursory review of Rule 12(g) would raise a plain possibility that serial motions under Rule 12 are not permitted. Defendants' oversight does not rest on Plaintiff. The court also notes that some of the reasserted positions raised, including qualified immunity, were originally rejected by this court because Defendants did not adequately brief the issues. (ECF No. 20 at PageID.404). It would prejudice Plaintiff to now allow Defendants to reassert their previously raised arguments more thoroughly, especially when the court noted that Defendants could raise those arguments at summary judgment. (ECF No. 20 at PageID.405).

Finally, Defendants assert that the use of Rule 12(g) rests within the sound discretion of the trial court. (ECF No. 30 at PageID.563-64). They're correct, and the court will employ its discretion to deny their duplicative motions.

## IV.

**IT IS HEREBY ORDERED** that Defendant White's motion to dismiss (ECF No. 24) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 25) is **DENIED.**

**IT IS SO ORDERED.**

Date:   February 26, 2025                            /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge